512 A.2d 1273

**COMMONWEALTH of Pennsylvania**

v.

**Willie MORTON, Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 1986.

Filed July 28, 1986.

Theresa Connolly, Willow Grove, for appellant.

Leonard Deutchman, Assistant District Attorney, Philadelphia, for appellee.

Before ROWLEY, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence. Appellant, Willie Morton, after a bench trial, was convicted of robbery,[1] criminal conspiracy,[2] simple assault,[3] and attempted theft.[4] Post-trial motions were denied, and appellant received a sentence of eight to twenty-three months' imprisonment for robbery and a concurrent sentence for conspiracy.[5] The sole issue raised on appeal is whether the evidence presented at trial was sufficient to support a conviction on all four counts.

> The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime (were) established beyond a reasonable doubt.

*Commonwealth v. Giles*, 500 Pa. 413, 415, 456 A.2d 1356, 1357 (1983) (citing *Commonwealth v. Pitts*, 486 Pa. 212, 215, 404 A.2d 1305, 1306 (1979)); *see also Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985). Viewed in this light, the trial court established that in the early

1. 18 Pa.C.S.A. Sec. 3701.
2. 18 Pa.C.S.A. Sec. 903.
3. 18 Pa.C.S.A. Sec. 2701.
4. 18 Pa.C.S.A. Secs. 901, 3921.
5. The court found that the simple assault and attempted theft convictions merged with the robbery bill for sentencing purposes.

morning hours of December 22, 1984, Sherry Tate was walking along 54th Street towards City Line Avenue in Philadelphia when appellant and an unidentified male stopped her and asked her what time it was. After answering, the men asked her for a quarter. She continued walking, with both men following a short distance behind, and then she was suddenly pushed to the ground. Her hands were restrained behind her, her mouth was covered and, as one of the assailants felt inside her clothing, she was searched for money. Finding none, the two men ran off together.

At the scene, Ms. Tate gave to the police a description of appellant, having viewed him during the altercation and having recognized appellant as one of a group who would "hang out" on the corner of 52nd Street and Market Street, past where she would walk each day on her way home from work. On December 27, 1984, Ms. Tate, searching the area of 52nd and Market Streets with police, spotted and identified appellant.

■ We find sufficient evidence to support all four convictions. Under the Crimes Code of Pennsylvania:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

.  .  .  .  .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

.  .  .  .  .

(2) An act shall be deemed "in the course of committing a theft" **if it occurs in an attempt to commit theft or in flight after the attempt or commission.**

18 Pa.C.S. Sec. 3701(a) (emphasis added).

A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S. Sec. 3921(a).

A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S. Sec. 901(a).

In *Commonwealth v. Hurd*, 268 Pa.Super. 24, 29, 407 A.2d 418, 420 (1979) (citing *Commonwealth v. Scott*, 246 Pa.Super. 58, 369 A.2d 809 (1976)), this Court stated that "(t)o sustain a conviction under Sec. 3701(a)(1)(ii), the Commonwealth need not prove a verbal utterance, but may show aggressive actions that threaten serious bodily injury." [6] Applying that standard to the case at bar, we conclude that when two men force a young woman to the ground in an attempt to take her money, restraining her movement by holding her hands behind her back and covering her mouth, it can be reasonably presumed that they intended to inflict fear into the mind of the victim within the meaning of Sec. 3701(a)(1)(ii).[7] *See Commonwealth v. Davis*, 313 Pa.Super. 355, 459 A.2d 1267 (1983) (concluding that entering a store through a small window and telling an employee to "get back, get back" were aggressive actions sufficient to support a robbery conviction under Sec. 3701(a)(1)(ii)). Thus, evidence establishing that appellant placed the victim in fear of serious bodily injury during an attempted theft supports the trial judge's findings of both robbery and simple assault.[8]

■ Appellant strongly challenges the conspiracy conviction, contending that the Commonwealth's evidence merely

6. 18 Pa.C.S.A. Sec. 2301 defines "serious bodily injury" as "bodily injury which threatens a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

7. Although the victim did not testify specifically that appellant touched her, the fact that assailants did not inflict serious bodily harm or that they were unsuccessful in obtaining the victim's money has no bearing on the conviction. An "aggressive act" intended to place the victim in fear of immediate serious bodily injury is sufficient to elevate an attempted theft to robbery. *Commonwealth v. Leatherbury*, 326 Pa.Super. 179, 473 A.2d 1040 (1984).

8. A person is guilty of simple assault if he: "(3) attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. Sec. 2701(a)(3).

established his presence at the scene.[9] While appellant correctly states that a conviction for conspiracy requires a specific intent "of promoting or facilitating" the commission of a crime, 18 Pa.C.S.A. Sec. 903(a), we have held that direct proof of an agreement is not required. *Commonwealth v. Stasiak*, 305 Pa.Super. 257, 451 A.2d 520 (1982). The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt.

> Among the circumstances relevant, but not sufficient by themselves, to prove a corrupt confederacy are (1) association between alleged conspirators, . . .; (2) knowledge of the commission of a crime, . . .; (3) presence at the scene of the crime, . . .; and (4) in some situations, participation in the object of the conspiracy, . . . .

*Commonwealth v. Cooke*, 342 Pa.Super. 58, 63, 492 A.2d 63, 68 (1985) (citing *Commonwealth v. Anderson*, 265 Pa. Super. 494, 402 A.2d 546 (1979)).

Trial court established, inter alia, that both men approached Ms. Tate, walked behind her, and pushed her to the ground. The unknown assailant placed his hands over her face and mouth, searching her clothing for money, while appellant stood nearby. After the robbery, the two men left together. On these facts, we find that the trial judge reasonably concluded that there was a sufficient "web of evidence" linking appellant to the conspiracy.

Judgment of sentence affirmed.

ROWLEY, J., concurs in the result.

**9.** Although appellant presented an alibi defense at trial, the lower court concluded that the eyewitness testimony provided by complainant far outweighed the alibi testimony of appellant's witnesses. Appellant maintains his alibi defense on appeal, yet he concedes that the Commonwealth's evidence places him at the scene of the crime. These are contradictory positions. Because we are satisfied that the trial judge correctly decided this issue, we decline to address it further. *See Commonwealth v. Jellots*, 277 Pa.Super. 358, 419 A.2d 1184 (1980) (*en banc*) (identification evidence sufficient despite alibi testimony).