689 A.2d 272

**COMMONWEALTH of Pennsylvania**

**v.**

**William P. McKEEVER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1996.

Filed Jan. 29, 1997.

Anthony T. McBeth, Harrisburg, for appellant.

Francis T. Chardo, Assistant District Attorney, Harrisburg, for Com., appellee.

Before HUDOCK, SAYLOR and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the October 25, 1995 judgment of sentence for robbery [1] and criminal conspiracy. [2] Appellant, William P. McKeever, raises the following issues for our review:

I. WHEN APPELLANT WAS THE ONLY DEFENSE WITNESS, WAS IT PROPER TO ALLOW THE COMMONWEALTH TO ADMIT EVIDENCE OF APPELLANT'S JUVENILE ADJUDICATIONS FOR THEFT AND ROBBERY, ON THE PURPORTED BASIS THAT THESE REPRESENT CRIMEN FALSI CRIMES, AND SO DOING ON THE BASIS OF A NEW VAGUELY WORDED STATUTE, WHEN CASE LAW HAS HELD FOR AT LEAST TWENTY YEARS THAT JUVENILE ADJUDICATIONS ARE NOT ADMISSIBLE AGAINST ANY WITNESS, MUCH LESS A CRIMINAL DEFENDANT, AND WHEN ADVANCE NOTICE OF SUCH ADMISSION CREATED NUMEROUS REFERENCES THROUGHOUT THE TRIAL TO APPELLANT'S JUVENILE RECORD, THEREBY PREDISPOSING THE JURY AGAINST HIM?

II. EVEN WITH THE REPEATED REFERENCES TO APPELLANT'S JUVENILE RECORD, DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A GUILTY VERDICT ON CONSPIRACY, OR WAS THE VERDICT AGAINST THE WEIGHT OF THE EVIDENCE, THEREBY REQUIRING A NEW TRIAL, WHEN THE EVIDENCE PRESENTED IS MUCH MORE CONSISTENT WITH THE SPONTANE-

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

OUS EVENT, THAN WITH AN AGREEMENT TO COMMIT A CRIME?

*See* Appellant's Brief at 2.

On January 26, 1995, appellant and two other people approached fifteen year old Michael Buxton and demanded money. Buxton walked away, but later that evening, appellant and his accomplices again confronted Buxton. Appellant restrained Buxton while his two accomplices searched Buxton's pockets, shoes, and socks. When appellant and his accomplices realized that Buxton did not have any money, they attempted to steal Buxton's shoes and one of the accomplices struck Buxton. Before leaving, appellant and his accomplices told Buxton that he "better have money next time." Furthermore, prior to the second incident, appellant's accomplice told appellant that she intended to "take" Buxton's money. Appellant was subsequently arrested and charged with robbery and criminal conspiracy. After a jury trial, appellant was found guilty of both charges. On October 25, 1995, appellant was sentenced to twelve (12) to twenty-four (24) months imprisonment. This timely appeal followed.

Appellant first argues that the trial court erred by admitting appellant's prior juvenile adjudications for robbery and theft.

The trial court admitted these juvenile adjudications for impeachment purposes under 42 Pa.C.S. § 6354(b)(4) which provides as follows: [3]

(b) Effect in subsequent judicial matters. The disposition of a child under this chapter may only be used against him:

. . .

(4) in a criminal proceeding, if the child was adjudicated delinquent for an offense, the evidence of which would be admissible if committed by an adult.

42 Pa.C.S. § 6354(b)(4). Under Pennsylvania law prior to this amendment, juvenile adjudications were inadmissible for impeachment purposes. *See Commonwealth v. Katchmer*, 453

**3.** 42 Pa.C.S. § 6354(b)(4) became effective on July 12, 1995,

Pa. 461, 465–66, 309 A.2d 591, 594 (1973) (listing cases). However, by adding subsection (b)(4) to 42 Pa.C.S. § 6354 during the Special Session on Crime, the General Assembly demonstrated a clear intent to hold juveniles to a greater degree of accountability as part of the continuing effort to enact laws that provide for more severe punishment for criminal offenders.

In the present case, appellant was charged with robbery in a criminal proceeding and testified in his own defense. Appellant's 1993 juvenile adjudications for robbery, theft, and attempted theft would have been admissible if he had been convicted as an adult because they are crimen falsi offenses, which are admissible to impeach a witness if committed during the ten year period prior to the witness's testimony. *Commonwealth v. Henderson,* 497 Pa. 23, 438 A.2d 951 (1981); *Commonwealth v. Randall,* 515 Pa. 410, 528 A.2d 1326 (1987). As each element of 42 Pa.C.S. § 6354(b)(4) was satisfied, we find that the clear wording of the statute mandated that appellant's juvenile adjudications be admitted for impeachment purposes at his subsequent trial for robbery. Therefore, as the trial court did not err in admitting these adjudications, we dismiss appellant's first claim.

Appellant next maintains that there was insufficient evidence to support his conviction for criminal conspiracy and that the conviction was against the weight of the evidence.

When evaluating a sufficiency of the evidence claim, this Court must view all the evidence in the light most favorable to the verdict winner, and drawing all reasonable inferences in its favor, determine whether the fact finder could have reasonably found every element of the crime to be established beyond a reasonable doubt. *Commonwealth v. Russell,* 445 Pa.Super. 510, 665 A.2d 1239, 1246 (1995), *appeal denied,* 544 Pa. 628, 675 A.2d 1246 (1996). The weight of the evidence is a determination for the trial court, and we may only reverse if the verdict is so contrary to the evidence as to shock one's sense of justice. *Id.*

■ To prove a conspiracy, the Commonwealth must establish beyond a reasonable doubt that a defendant (1) had the intent to promote the crime charged; (2) made an agreement with one or more people to engage in conduct to promote the crime; (3) made an agreement to plan, commit, or solicit the crime; and (4) that one co-conspirator committed an overt act in pursuance of the conspiracy. *Commonwealth v. Ocasio,* 422 Pa.Super. 272, 275–76, 619 A.2d 352, 354 (1993). "The conduct of the parties and the circumstances surrounding their conduct may create 'a web of evidence' linking the accused to the alleged conspiracy beyond a reasonable doubt." *Commonwealth v. Morton,* 355 Pa.Super. 183, 187 512 A.2d 1273, 1275 (1986), *appeal denied,* 514 Pa. 624, 522 A.2d 49 (1987). In addition, this Court has stated that a conspiracy may be proven by relevant circumstances, which include the following: "(1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy." *Commonwealth v. Lamb,* 309 Pa.Super. 415, 429, 455 A.2d 678, 685 (1983).

Here, the evidence established that appellant was associated with his accomplices; appellant had knowledge of the crime since one accomplice informed appellant that she was going to rob Buxton; appellant was present at the scene of the crime; and appellant participated in the robbery by restraining Buxton. As appellant's conduct fell within the relevant circumstances listed in *Lamb,* we find the evidence was sufficient to find appellant guilty of conspiracy. *See Morton, supra* (evidence sufficient for criminal conspiracy conviction where defendant and accomplice approached victim, pushed her to the ground, and defendant stood nearby while his accomplice robbed victim). Moreover, we cannot say that the verdict was so contrary to the evidence as to shock one's sense of justice. Therefore, we dismiss appellant's weight of the evidence claim.

Accordingly, we affirm the judgment of sentence.

Affirmed.