COMMONWEALTH of Pennsylvania, Appellee,

v.

James HALLEY, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 25, 2003.
Filed Dec. 4, 2003.

Mitchell S. Strutin, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: DEL SOLE, P.J., LALLY–GREEN and POPOVICH, JJ.

DEL SOLE, P.J.

¶ 1 This is an appeal from an order denying Appellant's petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). Appel-

lant and his co-defendant were convicted, at a joint bench trial, of first-degree murder, aggravated assault, possessing an instrument of crime and criminal conspiracy. Their convictions stemmed from an incident in which Appellant and his co-defendant shot a man on the street after the co-defendant accused the victim of having shot another man.

¶ 2 On direct appeal, Appellant raised one issue, challenging the weight and sufficiency of his murder conviction. A panel of this Court found Appellant's issues waived for failure to file an ordered Pa. R.A.P.1925(b) Statement of Matters Complained of on Appeal, pursuant to *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). *Commonwealth v. Halley*, 761 A.2d 1233 (Pa.Super.2000) (unpublished memorandum). The Court noted, however, that had the issues been properly preserved, it would have agreed with the trial court that Appellant's convictions were supported by sufficient evidence. *Id.*

¶ 3 Appellant presents three issues for our review: (1) whether he should be granted leave to file an appeal *nunc pro tunc* where his appellate counsel failed to file a 1925(b) Statement; (2) whether appellate counsel was ineffective for failing to preserve the sufficiency of the evidence challenge; and (3) whether trial counsel was ineffective for failing to interview and present the testimony of certain witnesses. We affirm.

¶ 4 First, Appellant argues he should be granted leave to file an appeal *nunc pro tunc* based on his appellate counsel's failure to file a 1925(b) Statement, resulting in the waiver of Appellant's issues on direct appeal. Appellant claims that his counsel's inaction resulted in the loss of his appellate rights. He likens his counsel's inaction to the failure of counsel to perfect a requested appeal and demands

a similar legal presumption of prejudice. That presumption of prejudice was explained in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999). The holding in *Lantzy* is as follows:

> ... where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

*Id.* at 572.

¶ 5 Appellant's argument is misguided. In contrast to the limited circumstance outlined by our Supreme Court in *Lantzy*, Appellant did not lose his appellate rights. On the contrary, an appeal was filed on his behalf, and a panel of this Court issued a decision. We recognize that his appeal did not include a substantive review of his claims due to a finding of waiver; however, we decline to apply the rationale of *Lantzy* to this case. The circumstances under which a defendant could claim no "effec-tive" appeal are limitless. The Supreme Court has outlined only one other limited circumstance in which counsel's inaction results in a presumption of prejudice. *Commonwealth v. Liebel*, 573 Pa. 375, 825 A.2d 630 (2003) (counsel's failure to file a requested petition for allowance of appeal to the Pennsylvania Supreme Court established the truth-determining process had been undermined, without a showing of underlying merit).

¶ 6 Although Appellant is not entitled to a *per se* finding of prejudice, he has an available recourse for counsel's inaction that caused the waiver: a claim of ineffective assistance of counsel.[1] However, to prove counsel was ineffective for failing to preserve the issues on direct appeal, Appellant must prove the merit of those issues. We now turn to Appellant's attempts to do so.

¶ 7 Appellant argues appellate counsel was ineffective for failing to preserve the issue of sufficiency of the evidence.[2] We first note that the Commonwealth argues this issue is waived because it was previously litigated. A claim is considered previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2). On direct appeal, this Court did not review or rule upon the **merits** of the underlying issue; it found the issues waived. Thus, the claim has not

---

1. We note Appellant had another possible recourse at the appellate level of his case, wherein his appellate counsel could have asserted his own ineffectiveness for failure to file a 1925 statement. *See Commonwealth v. Johnson*, 565 Pa. 51, 771 A.2d 751 (2001) (plurality).

2. We note Appellant argues counsel was ineffective for failing to preserve sufficiency claims as to three of his convictions. It ap-pears, from this Court's prior memorandum, appellate counsel only raised one sufficiency claim: for murder in the first degree. Accordingly, Appellant should have argued appellate counsel was ineffective for failure to preserve and/or raise these sufficiency claims. Because we find no merit to the underlying claims of insufficiency, however, we will not find additional fault with Appellant's argument.

been previously litigated for purposes of the PCRA. *Commonwealth v. Perlman,* 392 Pa.Super. 1, 572 A.2d 2, 4 (1990) (finding a claim held waived on direct appeal was not a disposition on the merits of the claim); *See also Commonwealth v. Stark,* 442 Pa.Super. 127, 658 A.2d 816, 819 (1995) (finding a dismissal of the prior appeal as untimely was not a ruling on the merits of the issue).

¶ 8 While we find Appellant's claim of ineffectiveness is cognizable under the PCRA, we further find the claim is without merit. Trial counsel is presumed to be effective and Appellant has the burden of proving otherwise. *Commonwealth v. Williams,* 524 Pa. 218, 570 A.2d 75, 81 (1990). In ˙ reviewing ineffectiveness claims, we use a three-pronged test: an appellant must demonstrate: 1) the issue underlying the charge of ineffectiveness is of arguable merit; 2) the appellant's counsel did not have a reasonable basis for the action aimed at promoting the appellant's interests; and 3) a showing that counsel's ineffectiveness prejudiced the appellant's case. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

¶ 9 First, we note Appellant's arguments concerning sufficiency of the evidence could be technically waived for failure to develop his argument beyond conclusory statements and bald assertions that the Commonwealth failed to sustain its burden of proof and vague references to trial evidence without corresponding citations to the record. However, we will briefly address Appellant's claims.

¶ 10 In reviewing a sufficiency of the evidence claim, the test we apply is whether the evidence, and all reasonable inferences taken from the evidence, viewed in the light most favorable to the Commonwealth as verdict-winner, were sufficient to establish all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Williams,* 554 Pa. 1, 720 A.2d 679, 682 (1998) (citation omitted).

¶ 11 Appellant argues the Commonwealth failed to prove the malice element of first degree murder, conceding sufficient facts to support a conviction of voluntary manslaughter. Appellant's claim is belied by the record.[3] "The use of a deadly weapon on a vital part of the victim's body may constitute circumstantial evidence of a specific intent to kill." *Commonwealth v. Drumheller,* 570 Pa. 117, 808 A.2d 893, 908 (2002). Appellant's Brief at 20. Viewing the evidence in the light most favorable to the Commonwealth, as we must, the record reveals Appellant shot at and struck the victim using an automatic weapon. Accordingly, we find sufficient evidence of the malice element of first degree murder, and no merit to Appellant's claim.

¶ 12 Appellant's next two arguments can be addressed together. He argues there was insufficient evidence of a shared criminal intent between him and his co-conspirator to support his convictions for criminal conspiracy and aggravated assault (as a co-conspirator or accomplice). This argument was mirrored in his co-defendant's appeal to this Court, and we

---

3. We note we are without the benefit of the trial testimony, as it is not included in the certified record before us. It is the duty of the appellant to produce a complete record for review. *Commonwealth v. Chopak,* 532 Pa. 227, 615 A.2d 696, 701 (1992). However, because Appellant does not dispute any facts established in this case, and both parties provide a detailed recount of the trial testimony, as does a prior panel of this Court in Appellant's co-defendant's appeal, we will not further delay the disposition of this case based on this procedural misstep.

find the argument may be disposed of in the identical manner:

> To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy. 18 Pa.C.S. § 903; *Commonwealth v. Brachbill*, [363 Pa.Super. 615] 527 A.2d 133[113], 119 (Pa.Super.1987). A defendant may be convicted of both conspiracy and the offense that was the object of the conspiracy. *Commonwealth v. Rios*, [546 Pa. 271] 684 A.2d 1025, 1030 (Pa.1996). In addition, this Court has stated that a conspiracy may be proven by relevant circumstances, which include the following: "(1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations participation in the object of the conspiracy." *Commonwealth v. McKeever*, [455 Pa.Super. 604] 689 A.2d 272, 274 (Pa.Super.1997).

> The evidence the Commonwealth presented sufficiently established [co-defendant] Breeden's association with [Appellant], Breeden's and [Appellant]'s pursuit of [the victim] upon learning of his whereabouts, Breeden's presence at the scene of the crime, and Breeden's participation in the shooting of [the victim]. As Breeden's conduct satisfied the relevant criteria listed in *McKeever*, we find the evidence was sufficient to find Breeden guilty of criminal conspiracy. Furthermore, we find this evidence more than sufficient to enable the factfinder to find, beyond a reasonable doubt, that Breeden engaged in the conspiracy that resulted in [the victim]'s death. Breeden's and [Appellant]'s participation in the initial pursuit of the victim followed by Breeden's confrontation with [the victim] and Breeden's subsequent participation in the fatal attack dispels any reasonable doubt concerning his intent to engage in a violent confrontation with [the victim] and his unspoken agreement with [Appellant] to do so. *See Commonwealth v. Morton*, [355 Pa.Super. 183] 512 A.2d 1273, 1275 (Pa.Super.1986) (evidence sufficient for criminal conspiracy where defendant and co-conspirator violently confronted victim).

*Commonwealth v. Breeden*, 761 A.2d 1230 (Pa.Super.2000) (unpublished memorandum).

¶ 13 We find the *Breeden* Court accurately and adequately describes how Appellant's claim of insufficient evidence of a shared criminal intent between Appellant and Breeden is belied by the record.

■ ¶ 14 Accordingly, having found that Appellant's challenges to the sufficiency of the evidence are without merit, we similarly find his claim that counsel was ineffective for failing to preserve them without merit, for counsel can not be found ineffective for failing to preserve meritless claims. *Commonwealth v. Rivera*, 816 A.2d 282, 292 (Pa.Super.2003).

■ ¶ 15 Appellant finally claims trial counsel was ineffective for failing to interview and present testimony of multiple witnesses. This claim is also without merit. To succeed on a claim of trial counsel's ineffectiveness on this ground, an appellant must show:

> (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and

(5) that the absence of the testimony prejudiced appellant.

*Commonwealth v. Fulton,* —— Pa. ——, 830 A.2d 567, 572 (2003) (citations omitted).

¶ 16 Appellant's claim is without merit because he fails to show how he was prejudiced by the absence of these witnesses' testimony. Although Appellant argues these witnesses' accounts of the shooting would have rebutted the Commonwealth's evidence that he intentionally shot the victim, none of their statements show that they witnessed the actual shooting. Thomas Edinger witnessed events which occurred after the victim was already "down." Vanessa Mines heard the shots, but did not see the shooting. Nadiyah Shamsid–Deen was inside a store during the shooting and did not see it. Rontay Briscoe's statement places Appellant at the scene of the crime. Although Briscoe further states Appellant did not shoot the victim, it is unclear from the statement whether Briscoe actually witnessed the shooting or whether he can account for Appellant's activities during the relevant time period. Finally, Bonita Mines was not even at the scene, but Appellant argues her testimony regarding what her sister, Vanessa Mines, told her about who shot the victim would have been helpful. Setting aside the hearsay nature of this testimony, we have already determined Vanessa Mines did not witness the shooting. Despite Appellant's arguments to the contrary, he has failed to show how the testimony of these witnesses would have affected the outcome of his trial. We find he was not prejudiced by the absence of the proposed testimony.

¶ 17 Order affirmed.