**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DASHAWN L. JAMISON | |
| Appellant | No. 686 MDA 2017 |

Appeal from the Judgment of Sentence, January 11, 2017,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0004396-2006

BEFORE: LAZARUS, J., KUNSELMAN, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 21, 2018**

Dashawn Jamison appeals from the judgment of sentence of 7-½ to 15 years, entered following a probation revocation hearing. But, because he filed an untimely notice of appeal and, as a result, this Court currently has no appellate jurisdiction, we quash.

In 2006, although only 16-years-old at the time, Jamison pleaded as an adult to charges of aggravated assault and witness intimidation. The court sentenced him to 5-½ to 11 years for aggravated assault and eight years of special probation, consecutive to his prison term, for witness intimidation.

After serving most of his 11 year sentence for assault, Jamison refused to sign the paperwork required to begin probation or to provide certain contact information in his home plan. Because Jamison would have maxed-out his prison sentence the following week, the trial court issued a bench warrant to

detain him and to address compliance with his special probation. The dates of his hearings and the trial court's orders are critical to the procedural posture of Jamison's appeal.

On December 6, 2016, the court of common pleas held a hearing on its bench warrant. There, Jamison admitted to refusing to sign the paperwork; he believed that the max dates were incorrect. He denied not supplying the contact information. Two weeks later, the Board of Probation and Parole filed a notice of charges and hearing report; the trial court scheduled a probation violation hearing for January 11, 2017.

Jamison retained private counsel for that hearing. The Commonwealth provided the court with nine write-ups on Jamison from the prison, which were the basis of his probation violation, along with his refusal to complete and sign the home plan. Jamison's counsel stipulated to the write-ups. Thus, the court found Jamison in violation of his probation, revoked his probation, and re-sentenced him to 7-½ to 15 years on January 11th. The court apprised him of his right to file a post-sentence motion and his right to an attorney. Jamison's attorney also advised him – it turns out incorrectly – of his appellate rights.

A week later, he filed a post-sentence motion on Jamison's behalf asking the trial court to reconsider the sentence. The trial court ordered a hearing on the post-sentence motion, scheduled for March 15, 2017.

At the March 15th hearing, Jamison insisted upon representing himself. The court ultimately ruled "we are going to deny Mr. Jamison's request for a reconsideration of sentence; and the sentence we previously imposed will stay

intact." Trial Court Order, 3/15/17 at 2. The judge next misinformed Jamison that his appellate rights were reinstated and would last 30 days.

Jamison filed a *pro se* notice of appeal on April 18, 2017. This Court issued a rule to show cause why Jamison's appeal should not be quashed as untimely. He answered as follows:

> 11. The Notice of Appeal was due to be file[d] by the defendants [*sic*] attorney John Homme on Feb. 11 2017.
>
> 12. The defendants attorney as we now know did not file the Notice of appeal in a timely manner effecting [*sic*] the defendant['s appellate] right[s] . . .

Jamison's Response to Rule to Show Cause (Jamison's Response) at 1-2. On August 31, 2017, this Court, by *per curiam* order, discharged the rule and left the decision of whether Jamison filed his appeal in a timely fashion to this panel.

Whether we have jurisdiction is an issue that this Court may raise on its own motion. "It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. 'Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.'" ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations omitted). Thus, an untimely appeal vests no jurisdiction in this Court, even if an appellee fails to object to timeliness. For, as our General Assembly has made abundantly clear:

> **(a) General rule.--**The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall . . . operate

- 3 -

to perfect the appellate jurisdiction of such appellate court . . .

**(b) Exception.--**Subsection (a) shall not apply to any defect in the jurisdiction of an appellate court which arises out of:

(1) The failure to effect a filing within the time provided or prescribed by law.

42 Pa.C.S.A. § 704. Hence, the Commonwealth's failure to challenge the untimely filing of this appeal is irrelevant.

Pennsylvania Rule of Appellate Procedure 903(a) provides, a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." The order from which Jamison appealed is the January 11, 2017 judgment of sentence, following a hearing revoking probation. Thus, thirty days later, as Jamison's Response acknowledged, was February 11, 2017. His notice of appeal did not arrive until April 18th, making it untimely. And Jamison's January 19th post-sentence motion did not stop the appellate clock. "The filing of a motion to modify sentence will not toll the 30-day appeal period." Pennsylvania Rule of Criminal Procedure 708(e).

Hence, Jamieson's attempt to invoke the prisoner mailbox rule, by citing us to the Commonwealth's faulty analysis in a trial court filing, is unavailing. The Commonwealth incorrectly reasoned that:

Although April 18, 2017 is outside the 30 day window to file a Notice of Appeal, because Defendant is *pro se* and incarcerated, the prisoner mailbox rule applies to him. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). Because Defendant mailed his Notice of Appeal to the Clerk of Court's office on April 10, 2017, Defendant's filing is considered timely.

Commonwealth's Response, 5/24/17 at 1, n. 1. The Commonwealth based its reasoning on the false premise that Jamison's time to file his notice of appeal reset upon the denial of his motion for reconsideration – on March 15, 2017. However, as explained above, filing a post-sentence motion after revocation of probation does not toll the appellate time period. Thus, the Commonwealth counted Jamison's time to appeal from the wrong date.

The prisoner mailbox rule states that "[a] *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox . . ." Pennsylvania Rule of Appellate Procedure 121(a). Jamison mailed his notice of appeal on April 10, 2017, which was nearly two months after his appellate rights expired on February 11, 2017. Thus, the prisoner mailbox rule does not apply.

Finally, the trial court's misunderstanding of the rules of appellate and criminal procedure, as expressed at the March 15th hearing, does not confer jurisdiction upon this Court. In Jamison's Response, he notes that, on the day the court declined to modify his sentence, the judge told him that he had 30 additional days to appeal. The judge misspoke.

Jamison contends that the trial court's erroneous statement of the rules of court "should be honored." *Id.* He cites no law or precedent to support this position, and our independent review of the law finds none. Indeed, we think it untenable that a trial judge's misstatement of law could grant an

appellate court power which the legislature has expressly denied. ***See*** 42 Pa.C.S.A. § 704, ***supra***. This is especially true here, because Jamison's right of direct appeal had already lapsed when the trial judge misstated the rules. Thus, no prejudice befell him on March 15th.[1]

We note that Jamison argues in his Response that this appeal is untimely due to the shortcomings of his now-fired attorney. Indeed, at the January 11th hearing, Jamison's attorney incorrectly advised "him that a post-sentence motion would be filed within 10 days of today, and based on the Court's decision at that time, it would be 30 days [to appeal to the] Superior Court." N.T., 1/11/17 at 12. He erred. Jamison reminds us that such a misstep "falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and [Article I, Section 9 of the Pennsylvania Constitution], as well as the right to direct appeal under [Article V, Section 9] . . .'" Jamison's Response at 2 (***quoting Commonwealth v. Halley***, 839 A.2d 392, 395 (Pa. Super. 2003), ***reversed on other grounds***, 870 A.2d 795 (Pa. 2005)). However, jurisdiction is not in this Court; thus, we have no authority to address an ineffective assistance of counsel claim.

But the trial court does. Jamison may seek reinstatement of his appeal *nunc pro tunc* by the Court of Common Pleas of York County, pursuant to the

---

[1] We might reach a different conclusion had the judge instructed him wrongly prior to the time period running out. That did not occur.

- 6 -

Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. ***See generally***

***Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999).

Because we have no appellate jurisdiction at this time, the statutory law and the rules of court constrain us to quash Jamison's notice of appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2018