J. S06035/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  D.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF:  D.W., A MINOR | : | No. 2974 EDA 2017 |

Appeal from the Order Dated August 9, 2017,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-JV-0000418-2017

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 02, 2019**

D.W., a minor, appeals from the August 9, 2017 dispositional order entered following his adjudication of delinquency for robbery, simple assault, and criminal conspiracy to commit robbery.[1]  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows.  On June 30, 2017, the Commonwealth filed a delinquency petition against D.W. alleging that he committed the delinquent acts of robbery, criminal conspiracy to commit robbery, and simple assault.  This petition stemmed from an incident that occurred on March 26, 2017, in which D.W. and three other juvenile males[2] attempted to rob 12 year-old victim, C.D., of his bicycle in Allentown, Pennsylvania.  (**See** notes

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv), 2701(a)(3), and 903(a), respectively.

[2] These individuals were later identified as R.S., ZAY.B-B., and ZAI.B-B.  (**See** notes of testimony, 8/9/17 at 76.)

of testimony, 8/9/17 at 27-31.) On August 9, 2017, a juvenile adjudication hearing was conducted before the Honorable Kelly L. Banach, at the conclusion of which D.W. was adjudicated delinquent of the aforementioned offenses. That same day, the juvenile court placed D.W. on formal probation and ordered him to pay restitution. D.W. did not file a post-dispositional motion. This timely appeal followed on September 8, 2017. In lieu of filing a formal opinion, the juvenile court indicated "that the reasons why this Court substantiated [D.W.'s] delinquent acts and the reasons for disposition of probation" are set forth on pages 133-144 of the adjudication hearing transcript. (*See* juvenile court order, 7/23/18 at ¶ 3.)

On appeal, D.W. raises the following issues for our review:

> A. Was the circumstantial evidence insufficient to prove, beyond a reasonable doubt that [D.W.] did, in the course of committing a theft, inflict bodily injury upon another or threaten another with or intentionally put him in fear of immediate bodily injury?
>
> B. Was the circumstantial evidence insufficient to prove, beyond a reasonable doubt that [D.W.] did, with the intent of promoting or facilitating the commission of a crime, agree with another person or persons that they or one or more of them would engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime, or agree to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime?
>
> C. Was the circumstantial evidence insufficient to prove, beyond a reasonable doubt that [D.W.]

did attempt by physical menace to put another in fear of imminent serious bodily injury?

Appellant's brief at 7.

All of D.W.'s claims challenge the sufficiency of the evidence to support his adjudications. We apply the following standard of review when examining a challenge to the sufficiency of the evidence supporting an adjudication of delinquency:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*In the Interest of P.S.*, 158 A.3d 643, 650 (Pa.Super. 2017) (citation omitted), *appeal denied*, 174 A.3d 1029 (Pa. 2017).

"A person is guilty of robbery if, in the course of committing a theft, he . . . inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(iv). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." *Id.* at § 3701(a)(2).

The crime of simple assault requires proof of attempting "by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2701(a)(3). Serious bodily injury is defined as a "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* at § 2301. We have held this proof may be met by evidence of pointing a gun at another person under circumstances demonstrating an intent to cause fear of serious injury. *See In re Maloney*, 636 A.2d 671, 674 (Pa.Super. 1994) (stating, "the act of pointing a gun at another person [can] constitute simple assault as an attempt by physical menace to put another in fear of imminent serious bodily injury" (citations and internal quotation marks omitted)).

Criminal conspiracy, in turn, requires the Commonwealth to prove that appellant "(1) entered into an agreement to commit or aid in an unlawful act with another person or persons; (2) with a shared criminal intent; and (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v.*

***Mitchell***, 135 A.3d 1097, 1102 (Pa.Super. 2016), ***appeal denied***, 145 A.3d 725 (Pa. 2016); ***see also*** 18 Pa.C.S.A. § 903(a). A conspiratorial agreement can be proven by circumstantial evidence and "inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode." ***Commonwealth v. Feliciano***, 67 A.3d 19, 26 (Pa.Super. 2013) (***en banc***) (citation and internal quotation marks omitted), ***appeal denied***, 81 A.3d 75 (Pa. 2013).

Viewing the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the Commonwealth, the verdict winner, we conclude that the Commonwealth presented ample circumstantial evidence to support D.W.'s adjudication of delinquency for robbery, simple assault, and criminal conspiracy to commit robbery. The evidence presented at the adjudication hearing established that D.W. and his cohorts actively worked in concert to rob C.D. of his bicycle on the day in question, and placed him in fear of imminent serious bodily injury in attempting to do so.

Specifically, the record establishes that on the afternoon of March 26, 2017, C.D. was riding his bike in an alley near his aunt's home in Allentown, Pennsylvania, with a GoPro camera attached to his helmet when he observed D.W. and three other juvenile males, one of whom briefly displayed a gun.[3]

---

[3] This gun was later determined to be a metallic BB-gun. (Notes of testimony, 8/9/17 at 20.)

- 5 -

(Notes of testimony, 8/9/17 at 27-29, 55-56.) C.D. testified that these four boys approached him; and as he began to ride away, they accosted him in a nearby alley and attempted to wrangle his bicycle away from him. (*Id.* at 30-31.) Specifically, C.D. testified that one of the boys grabbed the handlebars of his bike; another stood behind him and placed a gun into his back; a third boy began "fumbling" with his helmet, attempting to turn the GoPro camera off; and the fourth boy stood by brandishing a large stick or tree branch. (*Id.* at 31-33.) C.D. further testified that one of the four boys had a bandana over his face and the other three boys had their hoods up. (*Id.* at 33-34.) During the ensuing struggle, C.D.'s GoPro camera fell to the ground and broke, and when he bent over to retrieve it, one of the juveniles began to strike him with a large tree branch or stick. (*Id.* at 32-33.) C.D. managed to escape on his bike and rode to his aunt's home to call the police, as D.W. and the other juveniles fled. (*Id.* at 33, 60-61.)

Allentown Police Officer Jacob Glenny testified that he arrived at the scene shortly after receiving a call from dispatch for an armed robbery in progress and was able to locate D.W. and the three other juveniles in a yard approximately two blocks away. (*Id.* at 62-63.) At the time of his apprehension, D.W. was observed in possession of a black and silver metallic BB-gun, and an identical BB-gun was recovered from one of D.W.'s cohorts. (*Id.* at 64-67.) Allentown video cameras further confirmed that all four juveniles had fled the scene together after C.D. escaped. (*Id.* at 77.)

Additionally, Officer Neil Battoni, an investigator with the Youth Division of the Allentown Police Department, testified that one of D.W.'s cohorts, R.S., informed him that the two other juveniles he and D.W. were with on the day of this incident and decided to take C.D.'s bicycle when they saw him ride past, and that R.S. acknowledged that they all pulled up their hoods in attempt to obscure their faces. (**Id.** at 76-77.)

Based on the foregoing, we agree with the juvenile court that there was sufficient circumstantial evidence to support D.W.'s adjudication of delinquency for robbery, simple assault, and criminal conspiracy to commit robbery. **See**, **e.g.**, **In re Maloney**, 636 A.2d at 674; **Commonwealth v. McKeever**, 689 A.2d 272, 274 (Pa.Super. 1997) (holding, **inter alia**, that the evidence was sufficient to support defendant's conviction for criminal conspiracy to commit robbery where he was associated with his accomplices, had knowledge of the crime, and was present and participated in the crime). Accordingly, we affirm the August 9, 2017 dispositional order.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/19