**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Luis ROMAN, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1999.

Filed April 14, 1999.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Com., appellant.

Marc J. Frumer, Philadelphia, for appellee.

Before STEVENS, LALLY–GREEN and OLSZEWSKI, JJ.

STEVENS, J.:

¶ 1 The Commonwealth appeals from an order of the Court of Common Pleas of Philadelphia County, which granted Luis Roman's petition under the Post Conviction Relief Act (PCRA).[1] We reverse.

---

1. 42 Pa.C.S.A. §§ 9541–9546.

¶ 2 The record reveals that during the early morning hours of November 20, 1994, a vehicle driven by Roman ran a stop sign at a high rate of speed, and struck a car occupied by thirty-one year old Hilda Irizarry and her fiancé, Thomas DeMarco, killing Ms. Irizarry and seriously injuring Mr. DeMarco. Roman was charged with driving under the influence of alcohol pursuant to 75 Pa.C.S.A. § 3731(a)(1) and (a)(5), homicide by vehicle while under the influence of alcohol, and aggravated assault. On May 23, 1996, the jury convicted Roman on all charges, rendering a general verdict on the driving under the influence charge. On July 25, 1996, the lower court sentenced Roman to consecutive terms of imprisonment of three and one half to seven years for the homicide by vehicle conviction, and two and one half to thirteen years for the aggravated assault conviction.

¶ 3 Roman did not file a direct appeal. On September 17, 1997, however, he retained new counsel, who filed a *"nunc pro tunc* petition for post-sentence motions" on October 24, 1997. The petition alleged that Roman's convictions must be vacated and his appellate rights reinstated because five days after he was sentenced, the Pennsylvania Supreme Court declared Section 3731(a)(5)[2] unconstitutional.[3] With no objection from Roman, the lower court treated his *nunc pro tunc* petition as a PCRA petition, held a hearing on December 12, 1997, and then granted the petition on April 3, 1998. The lower court explained that it took this action because "it is entirely possible and probable that the jury convicted defendant of violating

subsection (a)(5), an unconstitutional law." Trial court opinion filed 4/3/98 at 2.

¶ 4 On January 12, 1998, the Commonwealth appealed to the Superior Court, asserting that Roman's petition, treated as a PCRA petition by the lower court, was untimely under 42 Pa.C.S.A. § 9545(b), and, therefore, may not be considered. Commonwealth's brief at 1 (*citing Commonwealth v. Thomas*, 718 A.2d 326 (Pa.Super.1998) (*en banc*)). The Commonwealth further alleges that Roman is ineligible for PCRA relief unless he can plead and prove by a preponderance of the evidence that his PCRA claim has not been waived. *Id.* (*citing* 42 Pa.C.S.A. § 9543(a)(3), (4)).

■ ¶ 5 "Our review of the grant or denial of PCRA relief is limited to determining whether the record supports the findings of the post conviction court, and whether the court's order is otherwise free of legal error." *Commonwealth v. Moore*, 715 A.2d 448, 450 (Pa.Super.1998). We begin our analysis by addressing the Commonwealth's timeliness argument. Since Roman's petition was filed on October 24, 1997, it is governed by the amendments to the PCRA enacted November 17, 1995, and effective 60 days thereafter. With regard to timeliness, the PCRA provides:

(b) **Time for filing petition.-**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

---

**2.** 75 Pa.C.S.A. § 3731(a)(5)
(i) If the amount of alcohol by weight in the blood:
(A) of an adult is 0.10% or greater; or
(B) of a minor is 0.02% or greater, at the time of a chemical test of a sample of the person's breath, blood or urine; and
(ii) the sample is:
(A) obtained within three hours after the person drove, operated or was in actual control of the vehicle; or
(B) if the circumstances of the incident prevent collecting the sample within three

hours, obtained within a reasonable additional time after the person drove, operated or was in actual physical control of the vehicle.

**3.** In *Commonwealth v. Barud*, 545 Pa. 297, 302, 681 A.2d 162, 164 (1996), the Pennsylvania Supreme Court held (a)(5) and (a.1) unconstitutionally void for vagueness, overbreadth, and creating an impermissible presumption of guilt.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545. *See also* Pa. R.Crim.P. 1501(1) ("A petition for postconviction collateral relief shall be filed within one year of the date the judgment becomes final, except as otherwise provided by statute.").

¶ 6 Roman's petition is clearly subject to Section 9545, and, therefore, in order to be timely the petition had to be filed within one year from the date Roman's judgment of sentence became final, which would have been at the conclusion of direct review. 42 Pa.C.S.A. § 9545(b)(3). *Thomas*, 718 A.2d at 328. Roman was sentenced on July 25, 1996. Thereafter, he had thirty days in which to appeal his sentence to the Superior Court. The appeal period expired on August 26, 1996,[4] the date on which Roman's judgment of sentence became final.

■ ¶ 7 Roman's October 24, 1997 petition was clearly filed more than one year after his judgment of sentence became final. As such, the petition is untimely unless one or more of the exceptions set forth in Section 9545(b)(1)(i)–(iii) applies to excuse the untimeliness. Roman attempts to convince us that Section 9545(b)(1)(iii), *supra*, applies to his petition. It does not. Subsection (b)(1)(iii) excuses an untimely filing only if the PCRA petition alleges and the PCRA petitioner proves that the right asserted is a constitutional right that was recognized **after the time period provided in this section** [one year of the date the judgment became final]. Even if we were to assume that declaring subsection (a)(5) unconstitutional represents a recognized "constitutional right," it is clear that *Barud* held that subsection to be unconstitutional only five days after Roman was sentenced, and thus he had ample time to file either a direct appeal or a timely PCRA petition. Additionally, even if subsection (b)(1)(iii) applied, subsection (b)(2) requires that any petition invoking the exceptions contained in subsection (b)(1) must be filed within sixty (60) days of the date the claim could have been presented. As we have discussed, *Barud* was decided on July 30, 1996, yet Appellant did not file his petition until October 24, 1997, well after sixty

---

4. Roman's thirty day appeal period expired on Monday, August 26, 1996, not Saturday, August 24, 1996. "When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S. § 1908.

days of the date such a claim could have been filed.[5]

■ ¶ 8 Further, even if Roman's PCRA petition was timely, the claim he raises has been waived. In order to be eligible for relief under the PCRA, a petitioner must plead and prove, among other things, that the issue raised has not been waived. 42 Pa.C.S.A. § 9543(a)(3). An issue is waived if the petitioner could have raised it but failed to do so before trial, at trail, during unitary review, on appeal, or in a prior state post conviction proceeding. 42 Pa.C.S.A. § 9544(b). As we have discussed, *Barud* was decided on July 30, 1996, and, as such, Roman had ample time to raise the unconstitutionality of subsection (a)(5) on direct appeal.

¶ 9 For the reasons discussed *supra*, we find that is was error for the lower court to grant Luis Roman's PCRA petition, and, therefore, we reverse the grant of that petition. *Moore*, 715 A.2d at 450.

¶ 10 Reversed.

---

5. We also considered the effect of the proviso to the amended PCRA, which states that "a petition where the judgment of sentence became final before the effective date of the amendments shall be deemed timely if the petitioner's first petition was filed within one year of the effective date of the amendments." Act of November 17, 1995, P.L. 1118, no. 32 (Spec.Sess. No. 1), § 3(1). In *Thomas*, this Court interpreted the proviso "to permit an otherwise untimely first PCRA petition to be filed within one year following the effective date of the 1995 PCRA amendments." *Thomas*, 718 A.2d at 329. Since Roman's judgment of sentence became final on August 26, 1996, **after** the effective date of the amendments, the proviso does not apply here.