# Commonwealth v. Hojnowski

74

*Melissa Freeman, assistant district attorney,* for Commonwealth.

*Rodney W. Hojnowski,* pro se.

LUDGATE, *J.,* August 25, 2008—On February 24, 2005, Rodney Hojnowski, the defendant, was charged with possession of a controlled substance, 35 P.S. §780-113(a)(16); possession with intent to deliver a controlled substance, 35 P.S. §780-113(a)(30); and possession of drug paraphernalia, 35 P.S. §780-113(a)(32). Martin P. Dorminy, Esquire, represented defendant in pretrial matters and filed an omnibus pretrial motion seeking to suppress evidence, which was denied on September 9, 2005. On March 23, 2006, defendant was found guilty of all three charges. Kathleen Dautrich, Esquire, represented defendant at the trial and sentencing. On April 24, 2006, the defendant was sentenced to not less than three nor more than 15 years confinement and was also sentenced to a consecutive 12-month special probation period.

Attorney Dautrich filed post-sentence motions, which were denied. Eric Taylor, an assistant public defender, filed a direct appeal with the Pennsylvania Superior Court. On April 30, 2007, the Superior Court affirmed

the judgment of sentence. Judgment became final 30 days thereafter due to defendant's lack of an appeal to the Pennsylvania Supreme Court. On June 14, 2007, the defendant filed a timely petition pursuant to the Post Conviction Relief Act (PCRA). The court appointed Lara Glenn Hoffert, Esquire to represent the defendant in all proceedings regarding the disposition of said petition on June 29, 2007. After a number of extensions were granted, Attorney Hoffert filed a "no-merit" letter pursuant to *Commonwealth v. Finley,* 379 Pa. Super. 390, 550 A.2d 213 (1988), and *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and requested her appearance be withdrawn on May 15, 2008. The court granted Attorney Hoffert's motion on May 19, 2008. On July 25, 2008 the court also granted Attorney Taylor's motion to withdraw.

After a thorough review of the defendant's petition and supplemental facts, Attorney Hoffert's *Finley/Turner* "no-merit" letter, all relevant information in the record, and the applicable statutory and case law, the trial court determined that defendant's PCRA petition should be dismissed without a hearing pursuant to Pa.R.Crim.P. 907(1) on June 24, 2008. Defendant filed a timely pro se notice of appeal on July 7, 2008. Defendant was ordered to file a Rule 1925(b) statement on July 9, 2008. Defendant's Rule 1925(b) statement was filed July 21, 2008.

## DISCUSSION

This opinion is written pursuant to Pa.R.A.P. 1925(a), and for the following reasons, this court respectfully requests that the instant appeal be denied.

The defendant raises the following matters for review in his 1925(b) statement:

(1) Whether Martin P. Dorminy, Esquire, rendered ineffective assistance of counsel on behalf of defendant for the following reasons:

"(a) Martin P. Dorminy, Esquire, failed to test the veracity of averments in the search warrant at the suppression hearing by his failure to call Detective Ritter as a witness, and for his failure to make the Commonwealth move forward with their burden of presenting Detective Ritter as a witness;

"(b) Martin P. Dorminy, Esquire, failed to call defendant as a witness at the suppression hearing;

"(c) Martin P. Dorminy, Esquire, failed to file for discovery and/or a bill of particulars to bring out the exact dates of the controlled purchases so that defendant could have presented an alibi defense showing that he was in a different place when the alleged controlled purchases took place;

"(d) Martin P. Dorminy, Esquire, failed to move to have the confidential informant's identity produced so he could testify to who sold him drugs from 2013B Franklin Place, Wyomissing, and to see if he is the same person that gave false information about defendant to parole authorities on several occasions;

"(e) Martin P. Dorminy, Esquire, failed to move for suppression of evidence on the grounds that police officers violated the knoc [sic] and announce rule;

"(f) Martin P. Dorminy, Esquire, failed to move the court to hold a *Franks2* where discovery shows that

Detective Ritter had defendant addressed to a different address in his police report than the address he told the magistrate, and that he cahnged [sic] the name of the people on who the informant said lived at 2013B Franklin Place, Wyomissing, and that the informant had give [sic] prior reliable information in the past, which he has no evidence to corroborate."

(2) Whether Katleen [sic] D. Dautrich, Esquire, rendered ineffective assistance of counsel on behalf of defendant for the following reasons:

"(a) Kathleen D. Dautrich, Esquire, failed to object to and/or opened the door for defendant's parole officer to testify about urine tests and confidential parole records that she could not testify to under Pa. Code 61.2;

"(b) Kathleen D. Dautrich, Esquire, failed to object to Detective Gombar's speculative testimony about sales of drugs being made from 2013B Franklin Place, Wyomissing. He stepped out of the scope of his expert opinion with such testimony;

"(c) Kathleen D. Dautrich, Esquire, failed to object to the trial court's failure to address the issue of a violation of the knock and announce rule which she included in her supplemental omnibus pretrial motion."

(3) Whether Eric J. Taylor, Esquire, rendered ineffective assistance of counsel on behalf of defendant for the following reasons:

"(a) Eric J. Taylor, Esquire, failed to challenge the sufficiency of evidence claim on direct appeal;

"(b) Eric J. Taylor, Esquire, failed to challenge the knock and announce rule violation on direct appeal."

(4) Whether Lara Glenn Hoffert, Esquire, rendered ineffective assistance of counsel on behalf of defendant for the following reasons:

"(a) Lara Glenn Hoffert, Esquire, failed to comply with the *Finley/Turner* requirements when she failed to address the merits of defendant's claims of ineffective assistance of counsel against Martin P. Dorminy, Esquire, by stating that the claims where [sic] previously litigated. The Superior Court did not rule on the merits of the claims because they rendered them waived. See Superior Court opinion of April 30, 2007. See *Commonwealth v. Halley,* 839 A.2d 392 (Pa. Super 2003). In addition, the PCRA claims are under ineffective assistance of counsel, which is distinct legal ground;

"(b) Lara Glenn Hoffert, Esquire, failed to comply with the requirements of *Finley/Turner* when she failed to address the merits of defendant's challenge to his fine;

"(c) Lara Glenn Hoffert, Esquire, worked under a conflict of interest and should have withdrawn from this case because the firm that she associated with represented a co-defendant that gave an affidavit against defendant in his prior criminal proceeding;

"(d) Lara Glenn Hoffert, Esquire, failed to amend defendant's PCRA petition on claims 1, 17, 2, 3, 4, 5, 6, 8, 7, 12, 13, 14, 18, 20, 21, 22, 21 (this is as numbered in Lara Glenn Hoffert's "no-merit" letter)."

(5) Whether Martin P. Dorminy, Esquire, rendered ineffective assistance of counsel on behalf of defendant when he failed to object to the trial court's premature ruling on defendant's suppression motion?

(6) Whether Kathleen D. Dautrich, Esquire, and Eric J. Taylor, Esquire, rendered ineffective assistance when they failed to challenge defendant's fine in post-sentencing motions and on direct appeal?

(7) Whether the trial court should have recused itself from presiding of [sic] the PCRA proceeding when the record reflects that the trial court had third-party communication about facts of the case that where [sic] false for the following reasons:

"(a) On March 22, 2006, Kathleen D. Dautrich, Esquire, filed a motion to suppress alleged statements made to police by defendant and this was the first time that the issue was brought before the court and the court said 'And under what grounds would that be suppressed? He didn't say that in response to questions; he popped it up himself and said that?' Then the prosecutor said 'No it was post-*Miranda* [sic].' Trial transcript of March 22, 2006, at 5."

At the outset, defendant's appeal should be denied because he filed a "concise statement" that is too vague for this court to identify the issue raised on appeal. "A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no concise statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001). Defendant's pro se Rule 1925(b) statement presents many claims of error, several, if not all, of which

present only vague, bald and conclusory allegations. It is not the responsibility of the trial or Superior Court to engage in guessing games to determine what the defendant is claiming to have been in error. Still, assuming arguendo, this court will now take up the issues complained of in the instant appeal.

In defendant's claims 1a, 1b, 1c, 1d, 1e, 1f, 2a, 2b, 2c, 3a, 3b, 4a, 4b, 4c, 4d, 5 and 6, the defendant alleges various deficient acts of counsel constituting ineffective assistance of counsel. The test for determining whether counsel was ineffective is composed of three prongs. *Commonwealth v. Childress,* 799 A.2d 805 (Pa. Super. 2002). The petitioner must demonstrate: (1) that the claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his interest; and, (3) that he was prejudiced by counsel's ineffectiveness, *i.e.,* but for counsel's ineffectiveness, there is a reasonable probability that the outcome would have been different. *Id.* at 808-809. The law presumes that counsel was effective, and it is the petitioner's burden to prove otherwise. 42 Pa.C.S. §9543(a)(2)(ii); *Commonwealth v. Loner,* 836 A.2d 125 (Pa. Super. 2003).

*(1a) Martin P. Dorminy, Esquire, failed to test the veracity of averments in the search warrant at the suppression hearing by his failure to call Detective Ritter as a witness, and for his failure to make the Commonwealth move forward with their burden of presenting Detective Ritter as a witness;*

*(1b) Martin P. Dorminy, Esquire, failed to call defendant as a witness at the suppression hearing;*

*(5) Whether Martin P. Dorminy, Esquire, rendered ineffective assistance of counsel on behalf of defendant when he failed to object to the trial court's premature ruling on defendant's suppression motion?*

Because the defendant's claims labeled 1a, 1b and 5 will require the same discussion, the court will address those claims together. As discussed in Attorney Hoffert's *Finley/Turner* "no-merit" letter, the defendant is not eligible for relief on any of the above-mentioned claims because relief under the PCRA is not available for alleged errors that have been previously litigated. *Commonwealth v. Fowler,* 930 A.2d 586, 594 (Pa. Super. 2007). See also, 42 Pa.C.S. §9543(a)(3). Section 9544 of the Post Conviction Relief Act defines a previously litigated issue as one that "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. §9544(a)(2). See also, *Commonwealth v. Lambert,* 568 Pa. 346, 797 A.2d 232 (2001). The Pennsylvania Superior Court, on April 30, 2007, at pp. 3-6 rejected the defendant's claim regarding the disposition of his omnibus pretrial motion to suppress physical evidence and the absence of any testimony. No appeal from the Superior Court's decision was made. While the post-conviction relief claims assert counsel's ineffectiveness and direct appeal alleged error by the trial court, the issues remain sufficiently the same as to be considered previously litigated. Defendant cannot claim counsel was ineffective for failure to raise meritless claims. Therefore, the defendant is not eligible for relief on these claims.

Further, these claims are without merit. The Pennsylvania Supreme Court has held that a defendant should wait until collateral review to raise claims of ineffective assistance of counsel. *Commonwealth v. Grant,* 572 Pa. 48, 67, 813 A.2d 726, 738 (2002). However, when making an ineffective assistance of counsel claim, the defendant must demonstrate that the claim is of arguable merit, that counsel's course of conduct was without a reasonable basis designed to effectuate his interests, and but for counsel's ineffectiveness, there is a reasonable probability the outcome would have been different. *Commonwealth v. Pierce,* 515 Pa. 153, 157, 527 A.2d 973, 975 (1987). The law presumes counsel was effective and it is the defendant's burden to prove otherwise. *Id.* Specifically regarding witnesses, "[t]rial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness' testimony would have been beneficial or helpful in establishing the asserted defense." *Commonwealth v. Chmiel,* 585 Pa. 547, 622, 889 A.2d 501, 546 (2005).

The defendant makes only bald and conclusory assertions that counsel was ineffective but has not supplied any evidence to support the allegation that counsel was ineffective for the failure to call these witnesses. The defendant fails to articulate how counsel's course of conduct was without a reasonable basis. The defendant also fails to show how the testimony of defendant and Detective Ritter would aid in the defendant's defense. Unsupported allegations will not suffice to meet the defendant's burden of proof. *Commonwealth v. Parker,* 503 Pa. 336, 341, 469 A.2d 582, 584 (1983).

*(1c) Martin P. Dorminy, Esquire, failed to file for discovery and/or a bill of particulars to bring out the exact dates of the controlled purchases so that defendant could have presented an alibi defense showing that he was in a different place when the alleged controlled purchases took place;*

*(1d) Martin P. Dorminy, Esquire, failed to move to have the confidential informant's identity produced so he could testify to who sold him drugs from 2013B Franklin Place, Wyomissing, and to see if he is the same person that gave false information about defendant to parole authorities on several occasions;*

Because defendant's claims 1c and 1d present the same issue, these claims will be discussed together. As discussed in Attorney Hoffert's *Finley/Turner* "no-merit" letter, defendant's claim does not present any ground upon which relief can be granted. According to the charging documents and presented at trial, defendant was charged with, and ultimately convicted of, offenses arising out of the discovery of controlled substances found pursuant to a search warrant at the Franklin Place apartment on December 10, 2004. The defendant was not charged with any crime arising from the controlled purchases. An alibi defense would be unavailing because, even if established that defendant was at a different location at the time of the controlled buys, this information is wholly unrelated to the crimes charged. As to claim 1c, pretrial counsel therefore cannot be ineffective for failure to file a bill of particulars because additional information related to the controlled buys would not provide defendant any defense or evi-

dence thereof. Regarding claim 1d, pretrial counsel therefore cannot be ineffective for not seeking the identity of the informant because this information would provide no additional defense to the crimes actually charged. This claim is without merit as defendant suffered no prejudice.

*(1e) Martin P. Dorminy, Esquire, failed to move for suppression of evidence on the grounds that police officers violated the knoc [sic] and announce rule;*

*(2c) Kathleen D. Dautrich, Esquire, failed to object to the trial court's failure to address the issue of a violation of the knock and announce rule which she included in her supplemental omnibus pretrial motion.*

*(3b) Eric J. Taylor, Esquire, failed to challenge the knock and announce rule violation on direct appeal.*

Because defendant's claims 1e, 2c, and 3b will require the same discussion, the court will address those claims together. The defendant claims that pretrial, trial, and appellate counsel were each ineffective for failing to litigate a violation of the knock and announce rule. The defendant claims that the evidence obtained during the execution of the search warrant would have been suppressed since the police did not wait a reasonable amount of time before forcibly entering the premises. However, as discussed in Attorney Hoffert's *Finley/Turner* "no-merit" letter and this court's "notice of intention to dismiss," the defendant's claim is refuted by the record.

Rule 207 of the Pennsylvania Rules of Criminal Procedure provides:

"(A) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of the officer's identity, authority, and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require the officer's immediate forcible entry.

"(B) Such officer shall await a response for a reasonable period of time after this announcement of identity, authority, and purpose, unless exigent circumstances require the officer's immediate forcible entry.

"(C) If the officer is not admitted after such reasonable period, the officer may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search." Pa.R.Crim.P. 207.

Moreover, Pennsylvania case law states that the purpose of the knock and announce rule is to "prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectation against the unauthorized entry of unknown persons, and to prevent property damage resulting from forced entry." *Commonwealth v. Walker,* 874 A.2d 667, 671 (Pa. Super. 2005). Pennsylvania courts have also held that Rule 207 should not be so rigidly applied that it defeats the admonition that police are not required to comply with the formalities of procedural due process when to do so would be a "useless act." See *Commonwealth v. Baker,* 361 Pa. Super. 401, 522 A.2d 643 (1987). The amount of time the police must wait before making a forcible entry must be reasonable. There is no bright line rule and the standard for determining whether a police of-

ficer has waited a reasonable amount of time before making a forcible entry is evaluated using an objective standard.

In the present case, law enforcement officers executed a search warrant at 2031B Franklin Place in Spring Township, Berks County. The record reflects that after knocking and announcing their presence, the police waited approximately 30 to 40 seconds before making their entry. (N.T. 3/22/06-3/23/06 p. 91.) The defendant states that because he did not hear a knock, the police failed to knock and therefore violated the knock and announce rule. However, the defendant also admits that he was asleep at the time the police entered. (N.T. 3/22/06-3/23/06 pp. 119, 218 and 230.) The defendant has failed to articulate how the police violated the knock and announce rule. The defendant has not provided any evidence to refute the testimony of the police. Based on the facts in the case sub judice, the court found that the procedures used by the law enforcement officers were reasonable and proper under the circumstances. Therefore, the defendant's claim is meritless.

*(1f) Martin P. Dorminy, Esquire, failed to move the court to hold a* Franks2 *where discovery shows that Detective Ritter had defendant addressed to a different address in his police report than the address he told the magistrate, and that he cahnged [sic] the name of the people on who the informant said lived at 2013B Franklin Place, Wyomissing, and that the informant had give [sic] prior reliable information in the past, which he has no evidence to corroborate.*

The defendant contends that counsel was ineffective for failing to challenge the incorrect address listed by the police officer in the search warrant affidavit. The defendant argues that if the issuing magistrate had known the defendant did not live at the Franklin Place address, the issuing magistrate would not have signed the search warrant for that location.

The defendant believes he is entitled to relief based on the holding in *Franks v. Delaware,* 438 U.S. 154 (1978). In *Franks,* the court held that the Fourth Amendment demands that the factual showing used to establish probable cause for a search warrant be truthful. *Id.* However, "[t]his does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct . . . [b]ut surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.* A defendant relying on *Franks,* seeking to have evidence suppressed based on the allegedly false information contained in a search warrant affidavit, has the burden of showing that the affidavit included false statements made knowingly and intelligently or with reckless disregard for the truth. As the United States Supreme Court states, "[t]here must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* Only after a prima facie showing made by the defendant through affidavits and an offer of proof is the defendant entitled to relief. *Id.*

In the case sub judice, a confidential informant told police that within the preceding two months, the confi-

dential informant observed the defendant in possession of cocaine on numerous occasions in various locations, including the second floor apartment at 2013B Franklin Place, the focus of the search warrant. Other locations included 2049 Cleveland Avenue in West Lawn and the Silo bar and/or nightclub in Bern Township. The confidential informant also told police that the defendant was selling cocaine and marijuana in different locations, including the second floor apartment at 2013B Franklin Place. Finally, the confidential informant made two controlled buys from the defendant at the 2013B Franklin Place residence.

The defendant grounds his argument in the fact that the police report lists the defendant's address as 2049 Cleveland Avenue and not the 2013B Franklin Place residence. The defendant further argues that the police officer admitted that he did not confirm the defendant's address before applying for the search warrant. However, the defendant has failed to meet the burden established by *Franks*. For this court to grant a hearing as articulated by the United States Supreme Court in *Franks,* the defendant must show that the police officer made statements that the officer knew were false or made statements that the officer would have known were false. In spite of the fact that the police officer failed to confirm the defendant's address prior to applying for the search warrant, the officer was reasonable in his belief that the defendant could be found at the Franklin Place residence. This belief is based on the reliable information supplied by the confidential informant and the controlled buys made by the confidential informant. The police officer was justified in relying on

this information. Defendant is not entitled to relief on this claim.

*(2a) Kathleen D. Dautrich, Esquire, failed to object to and/or opened the door for defendant's parole officer to testify about urine tests and confidential parole records that she could not testify to under Pa. Code 61.2;*

The defendant claims that trial counsel was ineffective for failing to object to the introduction of the defendant's probation officer's testimony regarding the defendant's failed urine tests.

First, defendant fails to make clear the authority upon which he relies. "Pa. Code 61.2" is not a citation to any rule of evidence or procedure.

However, even if such information were suspect as to admissibility, the record shows that counsel did not have any opportunity to object. On direct examination, the only mention of urine screening was given as a general description of the parole agent's job description. The information elicited by the assistant district attorney did not indicate that the defendant had been subjected to or failed a urine test. (See generally, N.T. 3/22/06-3/23/06 pp. 193-94.) Therefore, there was nothing for trial counsel to object to regarding this testimony on direct examination.

However, counsel did "open the door" to the admission of testimony that the defendant submitted to and failed numerous urine tests. (N.T. 3/22/06-3/23/06 pp. 198-99.) The defendant admitted on direct examination that he submitted to and failed urine tests. (N.T. 3/22/06-3/23/06 pp. 212-23.) Once the door is opened, the Commonwealth

can then probe deeper into the subject matter. *Commonwealth v. Passarelli,* 789 A.2d 708, 713 (Pa. Super. 2001). The defendant cannot now complain about the admission of evidence that he placed before the court. The defendant is not entitled to relief on this claim as it lacks merit.

*(2b) Kathleen D. Dautrich, Esquire, failed to object to Detective Gombar's speculative testimony about sales of drugs being made from 2013B Franklin Place, Wyomissing. He stepped out of the scope of his expert opinion with such testimony;*

The defendant claims that counsel was ineffective for failing to object to Detective Gombar's testimony in that the detective exceeded the scope of his expertise and became a "fact witness" by testifying that there was a sale made from the apartment, as opposed to saying "in my opinion, there was a sale made from the apartment." This trivial misstatement is an insufficient basis upon which relief may be granted.

*(3a) Eric J. Taylor, Esquire, failed to challenge the sufficiency of evidence claim on direct appeal;*

"In reviewing the sufficiency of the evidence, [the court] must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Hopkins,* 747 A.2d 910, 913 (Pa. Super. 2000), citing *Commonwealth v. Johnson,* 556 Pa. 216, 223, 727 A.2d 1089, 1092 (1999). "The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the

question of any doubt is for the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law no probability of fact can be drawn from the combined circumstances." *Id.* "Although a conviction must be based on 'more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.'" *Commonwealth v. McFadden,* 850 A.2d 1290, 1293 (Pa. Super. 2004).

In the present case, the Commonwealth offered the testimony of Detective Ritter, who testified that he entered 2013B Franklin Place to execute a search warrant and discovered the defendant in the residence. During the search, the officers found a quantity of cocaine hidden under the defendant's sweatshirt. The officers found the cocaine in a box containing plastic bags, twist-ties, and a mini digital scale. They also recovered a total of $277 from the defendant's pants pockets. Moreover, during the search of the residence, the police discovered 20 bags that had been cut in a manner consistent with repackaging cocaine. (N.T. 3/22/06-3/23/06 pp. 90-104.)

The Commonwealth also offered the testimony of Detective Gombar. Detective Gombar testified that he believed the evidence in this case was possessed with the intent to deliver because of the evidence that was recovered from the residence. That evidence included cut twist-ties found in the box of baggies, which were identical to the twist-tie found on the baggie of cocaine that was recovered; the digital scale, numerous plastic baggies with the corners cut off indicating that it was leftover packaging material from bagging cocaine for

sale, and currency of $277 indicating that proceeds were made. The detective testified that in light of all of the evidence retrieved from the apartment, the evidence suggested that there was drug activity in the apartment.

As the trier of fact, the jury could believe all, some, or none of the testimony presented by the Commonwealth or the defense. *Commonwealth v. London,* 461 Pa. 566, 572, 337 A.2d 549, 552 (1975). It is obvious the jury thought the testimony presented by the Commonwealth's witnesses was credible. The evidence submitted by the Commonwealth was sufficient for the jury to conclude that the Commonwealth had established beyond a reasonable doubt that the defendant possessed cocaine with the intent to deliver said cocaine. Therefore, the defendant's claim is without merit.

*(4a) Lara Glenn Hoffert, Esquire, failed to comply with the* Finley/Turner *requirements when she failed to address the merits of defendant's claims of ineffective assistance of counsel against Martin P. Dorminy, Esquire, by stating that the claims where [sic] previously litigated. The Superior Court did not rule on the merits of the claims because they rendered them waived. See Superior Court opinion of April 30, 2007. See* Commonwealth v. Halley, *839 A.2d 392 (Pa. Super 2003). In addition the PCRA claims are under ineffective assistance of counsel, which is distinct legal ground;*

*(4b) Lara Glenn Hoffert, Esquire, failed to comply with the requirements of* Finley/Turner *when she failed to address the merits of defendant's challenge to his fine;*

*(4c) Lara Glenn Hoffert, Esquire, worked under a conflict of interest and should have withdrawn from this case because the firm that she associated with represented a co-defendant that gave an affidavit against defendant in his prior criminal proceeding;*

*(4d) Lara Glenn Hoffert, Esquire, failed to amend defendant's PCRA petition on claims 1, 17, 2, 3, 4, 5, 6, 8, 7, 12, 13, 14, 18, 20, 21, 22, 21 (this is as numbered in Lara Glenn Hoffert's "no-merit" letter).*

Defendant asserts four claims that PCRA counsel was ineffective. These claims cannot afford defendant any relief because these claims were not raised in the initial PCRA petition and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a) requires that "[i]ssues not raised in the lower courts are waived and cannot be raised for the first time on appeal." These claims of error are not cognizable under this rule.

*(6) Whether Kathleen D. Dautrich, Esquire, and Eric J. Taylor, Esquire, rendered ineffective assistance when they failed to challenge defendant's fine in post-sentencing motions and on direct appeal?*

*(7) Whether the trial court should have recused itself from presiding of [sic] the PCRA proceeding when the record reflects that the trial court had third-party communication about facts of the case that where [sic] false for the following reasons:*

*(a) On March 22, 2006, Kathleen D. Dautrich, Esquire, filed a motion to suppress alleged statements made to police by defendant and this was the first time that the issue was brought before the court and the court said "And under what grounds would that be suppressed? He*

*didn't say that in response to questions; he popped it up himself and said that?" Then the prosecutor said "No it was post-Miranda [sic]." Trial transcript of March 22, 2006, at 5.*

Because claims 6 and 7a each present issues not raised in the initial PCRA petition, these claims will be discussed together. These claims have been waived for two reasons.

First, these claims were not raised until appeal from denial of the PCRA petition. Again, Pa.R.A.P. 302(a) requires that "[i]ssues not raised in the lower courts are waived and cannot be raised for the first time on appeal." These claims of error are not cognizable under this rule.

Second, the issues raised by the defendant are considered waived and not cognizable due to specific provisions of the PCRA. Section 9544(b) of title 42 states that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. §9544(b); see also, *Commonwealth v. Roman,* 730 A.2d 486 (Pa. Super. 1999). The Pennsylvania Superior Court decided the merits of the defendant's direct appeal on April 30, 2007. Claim 6 could have been raised in the initial PCRA petition but was not. Claim 7a could have been raised at trial, on direct appeal or in the initial PCRA petition, but was not. The claims have been waived insomuch as defendant failed to raise these issues at any time prior to collateral appeal.

For all the above-mentioned reasons, this court respectfully requests the defendant's appeal be denied.