J-S59023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES A. RICHARDSON :
:
Appellant : No. 3290 EDA 2017

Appeal from the PCRA Order September 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0310462-2003

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 29, 2018**

James A. Richardson appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm based on the Honorable M. Theresa Sarmina's Pa.R.A.P. 1925(a) opinion.

On July 28, 2004, a jury convicted Richardson of second-degree murder and related offenses. On March 16, 2007, this Court affirmed Richardson's judgment of sentence. ***Commonwealth v. Richardson***, 2633 EDA 2005 (Pa. Super. Mar. 16, 2007). Richardson's judgment of sentence became final on or about January 2, 2008, after our Supreme Court denied his petition for

allowance of appeal.[1]  *Commonwealth v. Richardson*, 934 A.2d 73 (Pa. 2007).  Richardson filed the instant petition, his third, *pro se* on May 18, 2017; he characterized it as a "Petition for a Habeas Corpus Petition."

On appeal, Richardson acknowledges his PCRA petition was patently untimely, but argues that the PCRA court erred in dismissing his petition because his "Habeas Petition" is not cognizable under the PCRA, and thus, not constrained by its time bar.[2]  This claim is meritless.  *See* 42 Pa.C.S.A. § 9542 ("[The PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.").

"If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition."  *Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa. Super. 2011),

---

[1] Richardson did not seek review in the Supreme Court of the United States. Therefore, Richardson's judgment of sentence became final ninety days after our Supreme Court denied his petition for allowance of appeal.  *See* U.S.Sup.Ct.R. 13 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

[2] On September 10, 2018, a rule to show cause order was issued as to why Richardson's appeal should not be quashed as interlocutory.  After review of Richardson's show cause memorandum, we conclude that we should not quash Richardson's appeal.  *See generally*, Richardson Show Cause Memorandum, 3/18/18.  Accordingly, we proceed with our review.

quoting **Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Here, Richardson's petition alleges an illegal sentence. **See** Brief of Appellant,

at 3 ("[Richardson's] *habeas corpus* petition . . . challenge[s] the legality of

life without parole for second degree murder[.]"). With respect to legality of

sentence claims, our courts have held that "[a]lthough legality of sentence is

always subject to review within the PCRA, claims must still first satisfy the

PCRA's time limits or one of the exceptions thereto." **Commonwealth v.**

**Fahy**, 737 A.2d 214, 223 (Pa. 1999), citing **Commonwealth v. Chester**, 733

A.2d 1242 (Pa. 1999).

We agree with Judge Sarmina that (1) Richardson's Habeas Petition is,

in fact, cognizable under the PCRA, **see** PCRA Court Opinion, 2/9/18, at 5,

and (2) he has failed to allege any exception to the one-year time requirement

of the PCRA, **see** 42 Pa. C.S.A. § 9545(b)(1)(i)-(iii). This one-year time bar

is mandatory, meaning courts have "no authority to extend filing periods

except as the statute permits." **Fahy**, 737 A.2d at 222. Therefore, the PCRA

court was without jurisdiction to consider the merits of his petition, as it

became patently untimely on January 2, 2009. **Fahy**, **supra**; PCRA Court

Opinion, 2/9/18, at 8.

Following a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of Judge Sarmina, we conclude

that Richardson's PCRA Petition is untimely and that his issue merit no relief.

The trial court opinion comprehensively discusses and properly disposes of the

question presented.  Accordingly, we affirm based on Judge Sarmina's opinion and advise the parties attach it in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/18

PHILADELPHIA COURT OF COMMON PLEAS
CRIMINAL TRIAL DIVISION

COMMONWEALTH

v.

JAMES RICHARDSON

Sarmina, J.

February 9, 2018

**FILED**

FEB 09 2018

Office of Judicial Records
Appeals/Post Trial

CP-51-CR-0310462-2003

Superior Court No.
3290 EDA 2017

OPINION

## PROCEDURAL HISTORY

On July 28, 2004, following a four defendant[1] jury trial[2] before this Court, James Richardson (hereafter, petitioner) was convicted of second degree murder (H-2), aggravated assault (F-1), two counts of robbery (F-1), two counts of criminal conspiracy (F-1), and two counts of possessing instruments of crime (M-1)(PIC).[3] Sentencing was deferred until September 9, 2004, at which time petitioner was sentenced to the mandatory term[4] of life in prison.[5] Notes of Testimony (N.T.)

---

[1] Petitioner was tried with co-defendants Jamaar Richardson (his brother), Lavar Brown, and Christopher Kennedy. All but the latter faced second degree murder charges. Kennedy's trial was a capital trial; he was convicted of first degree murder and, after the penalty phase, the jury returned a verdict of death.

[2] At trial, petitioner was represented by Bernard Siegel, Esquire.

[3] 18 Pa.C.S. §§ 2502(b), 2702(a), 3701(a)(1), 903(a), 907(a), and respectively.

[4] 18 Pa.C.S. § 1102(b).

[5] Petitioner's instant case was consolidated for trial with the case under CP-51-CR-0407442-2004. Though the sentences that follow concern both CP numbers, the instant petition only concerns petitioner's challenge to his murder conviction in the case under CP-51-CR-0310462-2003. For sentencing purposes, one of the charges of robbery merged with the charge of second degree murder. As to petitioner's second charge of robbery, petitioner was sentenced to a concurrent term of not less than five years nor more than twenty years in prison. As to the charge of aggravated assault, petitioner was sentenced to a consecutive term of not less than five years nor more than twenty years in prison. As to the charge of PIC, petitioner was sentenced to a consecutive term of not less than one year nor more than five years in prison. As to petitioner's second charge of PIC, petitioner was sentenced to a consecutive term of not less than one year nor more than five years in prison. As to one of the two charges of criminal conspiracy, petitioner was sentenced to concurrent terms of not less than five years nor more than twenty years in prison. N.T. 9/9/04 at 27-29.

B

9/9/04 at 27. On September 17, 2004, petitioner filed post-sentence motions, which were denied by this Court on October 26, 2004.

On June 15, 2005, trial counsel filed a PCRA petition on petitioner's behalf, requesting that petitioner's appellate rights be reinstated *nunc pro tunc* because of counsel's failure to file an appellate brief.[6] This Court reinstated petitioner's appellate rights on August 15, 2005, and petitioner filed a timely notice of appeal to Superior Court on September 1, 2005. Petitioner's judgment of sentence was affirmed by Superior Court on March 16, 2007, and our Supreme Court denied petitioner's petition for allowance of appeal on October 4, 2007.[7]

Petitioner filed his first substantive *pro se* PCRA petition on October 26, 2007. Counsel was appointed[8] and, on June 27, 2008, filed an amended petition. The Commonwealth filed a motion to dismiss on August 28, 2008. Petitioner filed a supplemental petition on December 5, 2008. After reviewing the filings, on February 5, 2009, this Court sent petitioner notice of its intent to deny and dismiss his PCRA petition without a hearing as required by Pa.R.Crim.P. 907 (907 Notice). Consistent with the 907 Notice, petitioner's PCRA petition was dismissed on February 27, 2009. Petitioner filed a timely notice of appeal on March 4, 2009. On December 3, 2009, Superior Court affirmed this Court's dismissal of petitioner's PCRA petition, and on June 13, 2011, our Supreme Court denied petitioner's petition for allowance of appeal.[9]

Petitioner filed a second, *pro se* untimely PCRA petition on April 8, 2013, more than six years after his judgment of sentence became final. Having found that petitioner's claims failed to satisfy

---

[6] Bernard Siegel, Esquire, who continued to represent petitioner on appeal, filed this motion on petitioner's behalf.

Commonwealth v. James Richardson, No. 2633 EDA 2005, slip op. (Pa.Super., March 16, 2007) (memorandum opinion), *allocatur denied*, No. 184 EAL 2007, (Pa., Oct. 4, 2007).

[8] Peter Levin, Esquire, was appointed to represent petitioner on collateral attack.

Commonwealth v. James Richardson, No. 639 EDA 2009, slip op. (Pa.Super., Dec. 3, 2009) (memorandum opinion), *allocatur denied*, 785 EAL 2009 (Pa., June 13, 2011).

any of the timeliness exceptions articulated in 42 Pa.C.S. § 9545(b), on July 8, 2015, this Court sent petitioner a 907 Notice.[10] This Court dismissed the petition as untimely on August 28, 2015. On September 29, 2015, petitioner filed a notice of appeal. On May 11, 2016, Superior Court affirmed the dismissal.[11] Petitioner did not seek *allocatur*.

The instant petition, petitioner's third, was untimely filed *pro se* on May 18, 2017, and titled as a "Petition for a Habeas Corpus Petition." Petitioner's only claim in the instant petition was that his sentence was illegal because 18 Pa.C.S. § 1102(b)[12] is unconstitutionally vague with respect to the punishment following a conviction of second degree murder.[13] Rather than pleading any of the timeliness exceptions under 42 Pa.C.S. § 9545(b), petitioner instead argued that his claim was not cognizable under the PCRA and asserted that this Court was required to treat his petition as a petition for *habeas corpus* relief. Having reviewed the pleadings and finding that petitioner's petition was indeed cognizable under the PCRA, and that the petition failed to satisfy any of the timeliness exceptions, this Court sent petitioner a 907 Notice on July 21, 2017.[14] On September 8, 2017, this Court dismissed petitioner's petition as untimely, consistent with the 907 Notice.[15] This timely appeal followed.

---

[10] The Post-Trial Unit of the First Judicial District did not assign this PCRA to this Court until 5/28/15.

[11] Commonwealth v. James Richardson, No. 2884 EDA 2015, slip op. (Pa.Super., May 11, 2016), (memorandum opinion).

[12] In his petition, petitioner first cited to § 1102(a), then § 1102(a-b), and only occasionally § 1102(b). § 1102(b) sets the sentence for a conviction of second degree murder as life in prison. Petitioner was charged with and convicted of second degree murder, and thus § 1102(b) is the only provision which petitioner has standing to challenge.

[13] "[T]he statute fails to give a person of ordinary intelligence fair notice that its penalty is not 'a term of life imprisonment' as the statute clearly and plainly states but, in reality, its true penalty is 'a term of life imprisonment' without parole." Petition at 3 (emphasis in original).

[14] This Court's July 21, 2017 907 Notice was filed as to both the CP number on the instant petition, CP-51-CR-0310462-2003, as well as CP-51-CR-0407442-2004, which was consolidated for trial with the instant case. However, this was in error, as petitioner's filings for the instant petition included no reference to the case under CP-51-CR-0407442-2004.

[15] On July 27, 2017, petitioner filed a response to the 907 Notice, entitling it a "Petition for Leave of Court to File an Objection to 907 Notice of Intent to Dismiss by October 31, 2017." Petitioner neglected to send a physical copy of this request to the Court and, therefore, it was not addressed until it was uploaded to the First Judicial District's electronic

SEE

## LEGAL ANALYSIS

Petitioner raises the following issue on appeal.[16]

1. The PCRA Court abused its discretion when it treated petitioner's petition as an untimely PCRA petition rather than a petition for a writ of *habeas corpus*.

Petitioner's petition claimed that his conviction and sentence were illegal because 18 Pa.C.S. § 1102(b) was unconstitutionally vague, and argued that this Court could not treat his claim as a PCRA petition and must instead grant him relief via a writ of *habeas corpus*. However, as petitioner's claim was cognizable under the PCRA, and as that claim failed to satisfy any of the timeliness exceptions, this Court was without jurisdiction to entertain the merits of petitioner's claim and properly dismissed the petition as untimely.

A PCRA petition not filed within one year of the date that a petitioner's judgment of sentence became "final" must allege, and the petitioner must prove, one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1), as well as the "due diligence" provision of § 9545(b)(2):

> (1)(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (1)(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (1)(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[FN contd.]

filing system. This Court's September 8, 2017 order dismissing petitioner's petition therefore erroneously noted that petitioner had not responded to this Court's 907 Notice. On September 8, 2017, after filing the dismissal order, this Court received petitioner's response to the 907 Notice. On September 19, 2017, this Court issued an order vacating its September 8, 2017 order of dismissal. However, as petitioner had filed a Notice of Appeal from this Court's September 8, 2017 dismissal order on September 15, 2017, this Court had no jurisdictio n to vacate the September 8, 2017 dismissal order.

[16] While petitioner's Statement of Matters Complained of on Appeal characterizes this as two separate issues, petitioner merely argues at length that this Court abused its discretion when it treated his petition as an untimely PCRA petition rather than a *habeas corpus* petition. Therefore, petitioner's two issues as raised in his Statement of Matters Complained of on Appeal have been consolidated and rephrased for ease of disposition.

4

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii), (b)(2).

If none of these exceptions is satisfied, a PCRA court does not have the jurisdiction to consider the merits of the petition. Commonwealth v Walters, 135 A.3d 589, 591 (Pa.Super. 2016), *citing* Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa.Super. 2011) (barring consideration of merits of untimely PCRA petitions).

"The PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of habeas corpus... a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." Commonwelath v. Taylor, 65 A.3d 462, 465–66 (Pa.Super. 2013), *citing* 42 Pa.C.S. § 9542; Commonwealth v. Fahy, 737 A.2d 214, 220 (Pa. 1999); Commonwealth v. Haun, 32 A.3d 697 (Pa. 2011). The petitioner in Commonwealth v. Fahy argued that the timeliness requirements of the current PCRA themselves violated due process. 737 A.2d at 220. Our Supreme Court held in Fahy that the time restrictions are reasonable, courts give petitioners ample notice of the restrictions, and that the challenge itself fell under the PCRA. Id. at 220, 223. As the petition was untimely, it was dismissed, for while the "legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." Id. at 223-24, *quoting* Commonwealth v. Chester, 733 A.2d 1242 (Pa. 1999).

In Commonwealth v. Roman, the statute under which a petitioner was found guilty was found to be unconstitutionally vague five days after his conviction. 730 A.2d 486, 487 (Pa.Super 1999). Over a year later, petitioner filed a "*nunc pro tunc* petition for post-sentence motions." Id. This was treated by the Court as a PCRA petition, as it alleged a violation of an unconstitutional law. Id. Because his petition was untimely, and as the law had been declared unconstitutional just days after his sentence, he was well outside of the 60 days required to establish due diligence. Id. at 488.

5

In the instant petition, petitioner argued at length that his petition was outside of the scope of the PCRA, and asserted that this Court would in fact abuse its discretion if it "converted" his petition for *habeas corpus* relief to a PCRA petition and "utilized the time rule limitations" to dismiss his petition as untimely. In support, petitioner cited to Commonwealth v. West, 938 A.2d 1034 (Pa. 2007), which held that where a remedy for a petitioner's claims is not available under the PCRA, those claims may proceed as a *habeas corpus* petition. In West, the petitioner was found guilty of controlled substances charges, sentenced to a term of years, and filed a direct appeal to challenge his conviction. 938 A.2d at 1036-37. The petitioner sought, and was granted, release on bail pending his appeal. Id. at 1037. Though Superior Court affirmed the judgment of sentence, and though our Supreme Court thereafter denied petitioner *allocatur*, petitioner was not recalled to serve his sentence and instead remained at liberty for nine years.[17] After the matter was brought to the attention of the Court and the petitioner was arrested and committed to serve his prior criminal sentence, petitioner filed a petition for a writ of *habeas corpus* challenging the continuing validity of his judgment of sentence, asserting that his claim fell outside of the scope of the PCRA. Id. at 1037-38. The West court recognized that petitioner's claim indeed fell outside the ambit of the PCRA; the claim did not implicate the truth determining process underlying his conviction or sentence, nor did it implicate the legality of the sentence imposed, but, rather, asserted that incarcerating him on such a sentence after the significant delay between the time of sentencing and the time he was recalled from bond release was fundamentally unfair and therefore constitutionally infirm. Id. at 1043. Although our Supreme Court recognized that the PCRA is the "sole means of collateral relief" in Pennsylvania, it held that because the PCRA could not provide a remedy for petitioner's claim and did not

---

[17] During the nine years that the petitioner remained at liberty, the trial judge who convicted and sentenced petitioner passed away, which may provide some explanation for why the petitioner in West was not recalled to serve his sentence. 938 A.2d at 1037 n. 1.

6

contemplate his unique circumstances, petitioner's claim could be raised as a *habeas corpus* petition. Id. at 1043-45.

This was not the case at all with respect to petitioner's claim in his PCRA petition, as petitioner's claim explicitly challenged his conviction and sentence on the basis that the statute which provided his punishment, 18 Pa.C.S. § 1102(b), was unconstitutionally vague[18] and therefore void on due process grounds.[19] Due process claims relating to a conviction or sentence are eligible for relief under the PCRA pursuant to 42 Pa.C.S. § 9543(2)(i) (sentences violating the Constitution of the United States or the Constitution of this Commonwealth), and § 9543(2)(viii), (covering proceedings where the tribunal lacks jurisdiction). 42 Pa.C.S.A. §§ 9543(2)(i),(viii).[20] Both of these provisions are implicated when a petitioner alleges that his conviction or sentence relies upon an unconstitutional law. Under Fahy, due process challenges to statutes are cognizable under the PCRA, and Roman reinforced the timeliness restrictions on these challenges. Therefore, petitioner's

---

[18] Though this Court does not reach the merits of petitioner's claim as to the constitutionality of § 1102(b), this Court notes that petitioner failed to offer any discussion to develop his claim that the due process void-for-vagueness doctrine required that this Court find § 1102(b) unconstitutionally vague. This Court finds that such development would be necessary in any discussion of the merits of petitioner's claim, as the controlling case law for the void-for-vagueness doctrine concerns whether a criminal statute sufficiently defines the *conduct prohibited*, rather than whether the statute is sufficiently clear with respect to the punishment authorized for those convicted of violating the statute, as petitioner claimed here. See Commonwealth v. Duda, 923 A.2d 1138 (Pa. 2007) (The due process void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited, and in a manner that does not encourage arbitrary and discriminatory enforcement).

[19] In an attempt to avoid the timeliness requirements of the PCRA, petitioner vehemently protested that his claim was beyond the scope of the PCRA and did not fall under any of the bases for post-conviction relief provided in 42 Pa.C.S. § 9543(a), including the assertion that his claim was not a challenge to his conviction or sentence but instead was a challenge to "the constitutionality of a penal statute." Response to 907 Notice, 9/8/17, at 2 (emphasis in original). This Court found that this was a distinction without a difference. The only grounds upon which petitioner could have standing to challenge the constitutionality of § 1102(b) would be to challenge the legality of his own sentence. Further, concerning petitioner's sentence, petitioner was clearly informed at the time of sentencing that his sentence was "life without the possibility of parole." N.T. 9/9/04 at 27. Petitioner's incredible claims, that he was not made aware of the nature of his punishment until more than a decade after his sentencing and that his claim is not a challenge to his own sentence, amounts to a waste of this Court's time and resources.

[20] While unpublished, and thus non-precedential, Superior Court has addressed the exact issue raised by petitioner here, in Commonwealth v. Diaz 1132 EDA 2016, 2017 WL 710576, at *1 (Pa.Super., Feb. 22, 2017). In Diaz, Superior Court found that a challenge to the constitutionality of § 1102 fell under the auspices of the PCRA. Id.

7

claim indeed would have been cognizable under the PCRA in a timely-filed petition, and petitioner was required to satisfy the timeliness exceptions for this Court to consider the merits of his claim.

Petitioner's claim did not fall within any one of the timeliness exceptions enumerated in 42 Pa.C.S. § 9545(b)(1), nor did petitioner claim that it did. As petitioner failed to even allege any of the timeliness exceptions, this Court lacked jurisdiction to consider the merits of this claim. "It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule. . . . [F]ailure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal." Commonwealth v. Blackwell, 936 A.2d 497, 500 (Pa.Super. 2007). Therefore, this Court properly dismissed petitioner's PCRA petition as untimely.

Accordingly, the dismissal of petitioner's PCRA petition should be affirmed.

BY THE COURT:

M. TERESA SARMINA,                    J.

8